UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                    Plaintiff,

                                      Crim. No. 08-320 (RHK)
                                      **PRELIMINARY ORDER**
                                      **OF FORFEITURE**

v.

Larry Reynolds,

                    Defendant.

The Government has moved for a Preliminary Order of Forfeiture against the Defendant, and no opposition to that Motion has been filed. Based on the foregoing, Defendant's plea of guilty to Count 1 of the Information, and all the files, records, and proceedings herein, including the information and arguments contained in the Government's Motion and supporting documents and the Court's finding that certain property is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1), **IT IS ORDERED** as follows:

      1.      The Government's Motion for Preliminary Order of Forfeiture (Doc. No. 41) is **GRANTED**;

      2.      Defendant Larry Reynolds shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in or traceable to the money-laundering conspiracy charged in Count 1 of the Information;

      3.      A personal money judgment shall be entered against Defendant Larry

Reynolds in the amount of $3,522,880,614 as a result of his conviction on Count 1 of the Information. Defendant shall be given a credit against this money judgment amount for the net forfeited value of each specific asset finally forfeited in this action;

4. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), Fed. R. Crim. P. 32.2(c)(1)(B), and 21 U.S.C. § 853(m), the Government may conduct discovery to identify property subject to forfeiture under the terms of this Order, or to address any factual issues raised by a third-party petition filed pursuant to Fed. R. Crim. P. 32.2(c); and

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e) to forfeit any subsequently discovered directly forfeitable or substitute property, and to dispose of any third-party claims.

Dated: September 9, 2010       s/Richard H. Kyle
                               RICHARD H. KYLE
                               United States District Judge