**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 08-320 (RHK) |
| Plaintiff, | |
| v. | **ORDER AUTHORIZING INTERLOCUTORY SALE OF REAL PROPERTY** |
| LARRY REYNOLDS, | |
| Defendant, | |
| ANTOINETTE REYNOLDS, | |
| Claimant. | |

_____

Having reviewed the Stipulation for the Interlocutory Sale of 8445 Franklin Avenue, by and between the Plaintiff, the United States of America, Claimant Antoinette Reynolds, and lien-holders Charles and Kyra Porter, Trustees of the Porter Family Trust (the "Porters") (collectively, the "Parties"), **IT IS ORDERED**:

A.  The United States is authorized to take all necessary steps to sell the real property located at 8445 Franklin Avenue, Los Angeles, CA (the "Property") under the conditions set forth herein.  The Property was listed in the Second Preliminary Order of Forfeiture entered in this matter (Doc. No. 66), which authorized the United States to take custody of the Property pending the completion of any ancillary litigation and the entry of a Final Order of Forfeiture.

B. The U.S. Marshals Service ("USMS") is authorized to take custody and control of the Property, subject to the terms of a Separate Occupancy Agreement between the USMS and Antoinette Reynolds.  Upon taking custody and control of the property, the USMS will attempt to sell the Property by listing the property for sale with a qualified Real Estate Agent of the USMS's choosing.

C. The USMS obtained an appraisal for the Property on January 6, 2011.  Until the entry of a Final Order of Forfeiture, the USMS may only sell the property for a price amounting to at least 90% of the appraised value as listed in the USMS's January 6, 2011 appraisal report, unless Claimant Antoinette Reynolds agrees in writing to a sale of the Property at a lower price.

D. The USMS may reject any offer to purchase the Property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

E. Any and all recorded liens and tax liens on the Property, including the lien held by the Porters, will be satisfied at the closing of any interlocutory sale of the Property.

F. Pursuant to their agreement, the Porters have waived their right to receive mortgage payments on their note on the Property from the date of this Order until the Property is sold.  The Porters have further agreed to waive any and all rights they have to receive late fees and/or penalties in connection with the non-payment of the mortgage on the Property after the date of this Order.  All remaining principal and accrued interest which has previously accrued on the Porters' mortgage or which will accrue during the period in which payments on the note

were suspended shall be paid at the closing of the sale of the Property by the USMS.

G. The net proceeds from the sale of the Property will include all money realized from the sale of the property, less the following:

1. Real estate commissions, if any;

2. The amounts due to mortgagees the Porters, which shall be wired to an account specified by the Porters upon the close of escrow;

3. Amounts due the holder of any other valid lien which was recorded prior to the time Plaintiff's Notice of Lis Pendens on the Property was recorded;

4. Property taxes which are due and owing;

5. Insurance costs, if any;

6. All costs incurred by the USMS or any other agency of the United States in connection with the maintenance, repair, marketing and sale of the property;

7. Escrow fees;

8. Document recording fees not paid by the buyer;

9. Title fees; and

10. County transfer taxes.

H. The net proceeds of the sale of the Property will be deposited in the Department of Justice's Seized Asset Deposit Fund and substituted for the Property until such time as the competing claims to the Property are finally adjudicated in this case.

I.  Claimant Antoinette Reynolds expressly retains and reserves her claim to the Property itself pending its sale by the USMS, and to the net proceeds of any sale of the Property.

Dated:  March 14, 2011

                                        s/Richard H. Kyle
                                        RICHARD H. KYLE
                                        United States District Judge